**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
DENNIS N. LUECK, JR. (SBN 292414)
Email: dennis.lueck@akerman.com
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for Defendants
AURORA LOAN SERVICES LLC,
AURORA COMMERCIAL CORP., successor entity to AURORA BANK FSB,
CITIBANK, N.A., AS TRUSTEE IN TRUST FOR THE BENEFIT OF THE
HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-23XS,
AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CHARLES GABRIS and MARLENE GABRIS,<br><br>Plaintiffs,<br><br>v.<br><br>AURORA LOAN SERVICES, LLC; AURORA BANK, FSB; CITIBANK, N.A., AS TRUSTEE, IN TRUST FOR THE BENEFIT OF THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-23XS; CAL-WESTERN RECONVEYANCE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. Case No. 2:14-cv-01759-JAM-KJN<br>Assigned to the Hon. John A. Mendez<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FILED BY DEFENDANTS AURORA LOAN SERVICES LLC, AURORA COMMERCIAL CORP., CITIBANK N.A. AS TRUSTEE, AND MERS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>Documents Filed Herewith</u>:<br>1. Request for Judicial Notice & Exhibits<br><br><u>Hearing Date</u>:<br>Date:   September 17, 2014<br>Time:  9:30 a.m.<br>Crtrm:  6 – 14th Floor<br><br>Complaint Filed: May 13, 2014<br>Trial Date:       None |

1

**TO THE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:**

2

**PLEASE TAKE NOTICE** that on September 17, 2014 at 9:30 a.m., or as soon thereafter as

3

may be heard in Courtroom 6 of the above-entitled Court, located at 501 I Street, Sacramento,

4

California 95814, defendants Aurora Loan Services LLC (**Aurora**), Aurora Commercial Corp.,

5

successor entity to Aurora Bank FSB (**ACC**), CitiBank, N.A., as Trustee, in Trust for the Benefit of

6

the Holders of Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series

7

2004-23XS (**CitiBank**), and Mortgage Electronic Registration Systems, Inc. (**MERS**) (collectively,

8

**defendants**), will and hereby do move this court to dismiss plaintiffs' Charles and Marlene Gabris

9

(**plaintiffs**) complaint (**complaint**) with prejudice.

10

This motion is made and based upon Fed.R.Civ.P. 12(b)(6), and is based on the ground that

11

plaintiffs fail to state a claim upon which relief may be granted and the complaint is barred as a matter

12

of law against defendants.

13

This motion is based upon this notice, the attached memorandum of points and authorities, and

14

upon all papers and documents on file herein, the court's files concerning this action, together with

15

those facts and documents of which the parties request judicial notice and/or matters for which

16

judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

17

Dated: August 1, 2014                                    Respectfully submitted,

18                                                        **AKERMAN LLP**

19
                                                         By: ___/s Dennis N. Lueck, Jr._____
20                                                             Justin D. Balser
                                                             Dennis N. Lueck, Jr.
21                                                       Attorneys for Defendants
                                                         AURORA LOAN SERVICES LLC,
22                                                       AURORA COMMERCIAL CORP., successor
                                                         entity to AURORA BANK FSB, CITIBANK,
23                                                       N.A., AS TRUSTEE IN TRUST FOR THE
                                                         BENEFIT OF THE HOLDERS OF
24                                                       STRUCTURED ASSET SECURITIES
                                                         CORPORATION, MORTGAGE PASS-
25                                                       THROUGH CERTIFICATES, SERIES 2004-
                                                         23XS, AND MORTGAGE ELECTRONIC
26                                                       REGISTRATION SYSTEMS, INC.

27

28

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I.    INTRODUCTION ................................................................................................1

II.   STATEMENT OF RELEVANT FACTS .................................................................2

        1.    Plaintiffs' Loan. ..........................................................................................2

        2.    Plaintiffs Default on the Loan and Seek a Loan Modification. ...................2

        3.    The Initiation of Foreclosure, Continued Loss Mitigation Discussion and The Eventual Trustee's Sale of The Property in 2011 .........................3

        4.    Aurora Sells the Property in 2012. ..............................................................3

III.   LEGAL STANDARD...............................................................................................4

IV.   ARGUMENT .............................................................................................................5

    A.    Plaintiffs' Complaint Should be Dismissed as to ACC and CitiBank.....................5

    B.    Plaintiffs Cannot Seek Return of the Property Because they Failed to Tender the Amount Due on the Loan (Entire Complaint). .....................................6

    C.    Plaintiffs Cannot Seek Return of the Property Because Such Relief is Barred by the Doctrine of Laches (Entire Complaint)................................................7

    D.    Plaintiffs Fail to Plead a Valid Cause of Action for Intentional or Negligent Misrepresentation (First and Second Causes of Action)...........................8

        1.    Plaintiffs' are Time Barred from Bringing Their Intentional Misrepresentation Claim for First, Second and Sixth Alleged Misrepresentations. ......................................................................................8

        2.    Plaintiffs' Intentional Misrepresentation Claim Fails on the Merits. ...........9

        3.    Plaintiffs Negligent Misrepresentation Claim is Barred by the Statute of Limitations. ...........................................................................................10

    E.    Plaintiff's Fail to Plead a Valid Cause of Action for "Wrongful Foreclosure" (Third Cause of Action). ..........................................................11

        1.    Plaintiffs Lack Standing to Challenge The Securitization of Their Loan..11

        2.    Plaintiffs Were Not Prejudiced .................................................................12

    F.    Plaintiffs Fail to Plead a Valid Cause of Action for Conversion (Fourth Cause of Action).............................................................................................13

    G.    Plaintiffs Fail to Plead a Valid Cause of Action for Violation of Business and Professions Code § 17200...................................................................14

    H.    Plaintiffs Fail to Plead a Valid Claim for Equitable Accounting.........................15

    I.    Plaintiffs Fail to Plead a Valid Claim for Unjust Enrichment. .............................16

V.    CONCLUSION........................................................................................................16

PROOF OF SERVICE..............................................................................................................18

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{29249883;2}

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Angelone*,
  86 F.3d 932 (9th Cir. 1996) ...................................................................................4

*Animal Legal Defense Fund v. Mendes*,
  160 Cal. App. 4th 136 (2008) ...............................................................................15

*Arnolds Mgmt. Corp. v. Eischen*,
  158 Cal. App. 3d 575 (1984) ...................................................................................6

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ..........................................................................................4, 5

*Batt v. City and County of San Francisco*,
  155 Cal.App.4th 65 (2007) ....................................................................................16

*Bell Atlantic v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007) ....................................................................4

*Birdsong v. Apple, Inc.*,
  590 F. 3d 955 (9th Cir. 2009) ................................................................................14

*Bonfigli v. Strachan*,
  192 Cal.App.4th 1302 (Cal.App. 1 Dist., 2011) .....................................................6

*Cal.Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal.*,
  94 Cal. App. 4th 151 (2001) ..................................................................................16

*Cel-Tech Comm. v. L.A. Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ..........................................................................................14

*CHoPP Computer Corp. v. U.S.*,
  5 F.3d 1344 (9th Cir. 1993) ..................................................................................14

*Citicorp Real Estate, Inc. v. Smith*,
  155 F.3d 1097 (9th Cir. 1998) .................................................................................7

*Duggall v. G.E. Capital Comm. Servs., Inc.*,
  81 Cal.App.4th 81 (2000) ......................................................................................16

*F.D.I.C. v. Dintino*,
  167 Cal. App. 4th 333 (2008) ................................................................................16

*Fin. Sec. Assurance, Inc. v. Stephens, Inc.*,
  450 F.3d 1257 (11th Cir. 2006) ...............................................................................5

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{29249883;2}

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FILED BY DEFENDANTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Fontenot v. Wells Fargo Bank, N.A.*
(2011) 198 Cal.App.4th 256 (2011).................................................................12, 13

*Glaski v. Bank of America, N.A.*,
218 Cal.App.4th 1079 (2013) ......................................................................11, 12

*Gomes v. Countrywide Home Loans, Inc.*
(2011) 192 Cal.App.4th 1149 ...........................................................................12

*Hafiz v. Greenpoint Mortg. Funding, Inc.*,
652 F. Supp. 2d 1039 (N.D. Cal. 2009) ..............................................................15

*Herrera v. Federal National Mortgage Assn.*,
205 Cal.App.4th 1495 (2012) ......................................................................12, 13

*Humboldt Sav. Bank v. McCleverty*,
161 Cal. 285 (1911) ...........................................................................................6

*Janis v. Cal. State Lottery Com.*,
68 Cal.App.4th 824 (1998) ................................................................................16

*Jenkins v. JP Morgan Chase Bank, N.A.*,
216 Cal.App.4th 497 (2013) ........................................................................11, 12

*Karlsen*,
15 Cal.App.3d at 118 .........................................................................................7

*Keshtgar v. U.S. Bank, N.A.*,
2014 WL 2567927 (2014).................................................................................12

*Khoury v. Maly's of Cal.*,
14 Cal. App. 4th 612 (1993) .............................................................................14

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ............................................................................4

*Kritzer*,
96 Cal. App. 2d at 6 ..........................................................................................16

*Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*,
416 F.3d 940 (9th Cir. 2005) ..............................................................................5

*Marilao v. McDonald's Corp.*,
632 F. Supp. 2d 1008 (S.D. Cal. 2009)..............................................................16

*Marks v. Ocwen Loan Servicing*,
No. C 07-02133 Sl., 2008 WL 344210 (N.D. Cal. Feb. 6, 2008) ........................16

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
231 Cal. App. 3d 1089 (1991) ...........................................................................16

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{29249883;2}

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FILED BY DEFENDANTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Oakdale Village Group v. Fong*,
  43 Cal.App.4th 539 (1996) ...........................................................................................13, 14

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir. 1998) ...................................................................................................5

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*,
  150 Cal.App.4th 384 (2007) ...................................................................................................14

*Perlas v. GMAC Mortg., LLC*
  (2010) 187 Cal.App.4th 429 .....................................................................................................9

*Rental Housing Owners Assn. of Southern Alameda County, Inc. v. City of Hayward*,
  200 Cal.App.4th 81 (Cal.App. 1 Dist., 2011) ..........................................................................6

*Salma v Capon*,
  161 Cal.App.4th 1275 (2008) .................................................................................................14

*Saret-Cook v. Gilbert, Kelly, Crowley & Jennett*,
  74 Cal.App.4th 1211 (1999) .....................................................................................................7

*Siliga v. Mortgage Electronic Registration Systems, Inc.*
  (2013) 219 Cal.App.4th 75 (2013)..........................................................................................13

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ...................................................................................................4

*St. James Church of Christ Holiness v. Super. Ct.*,
  135 Cal.App.2d 352 (1955) .....................................................................................................16

*Stafford v. Ballinger*,
  199 Cal.App.2d 289 (1962) .......................................................................................................7

*Stansfield v. Starkey*
  (1990) 220 Cal. App. 3d 59 .......................................................................................................9

*Supervalu, Inc. v. Wexford Underwriting Managers, Inc.*,
  175 Cal. App. 4th 64 (2009) ...................................................................................................16

*Tverberg v. Fillner Const., Inc.*,
  49 Cal.4th 518 (2010) ...............................................................................................................6

*Ventura County Nat. Bank v. Macker*,
  49 Cal.App.4th 1528 (1996) ..............................................................................................10, 11

*Western Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ....................................................................................................4

*Williams v. Koenig*,
  219 Cal. 656 (1934) ...................................................................................................................6

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{29249883;2}

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FILED BY DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Yvanova v. New Century Mortgage Corporation*,
    2014 WL 2149797 (2014) ................................................................................................12

**Statutes**

Bus. & Prof. Code § 17200 ................................................................................................1, 14

Bus. & Prof. Code § 17204 ................................................................................................14, 15

Cal. Civ. Code § 338(d) .....................................................................................................9

Civil Code § 1495 ..............................................................................................................7

**Rules**

Rule 12 (b)(6) .....................................................................................................................4, 5

**Other Authorities**

4 *Miller & Starr, Cal. Real Estate* § 9:154 (2d ed. 1989) ...............................................7

*Miller & Starr, Cal. Real Estate* § 10:212 (3d ed. 2000) ...............................................7

Restatement (3d) of Agency §§ 2.02 .................................................................................6

Restatement (Third) of Agency .........................................................................................6

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{29249883;2}

CASE NO. 2:14-CV-01759-JAM-KJN

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FILED BY DEFENDANTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs seek to unwind a nearly three-year old foreclosure sale and recover damages based on strained allegations of misrepresentations made by Aurora during plaintiffs efforts to obtain a loan modification.  Despite the fact plaintiffs acknowledge they were seeking a loan modification from Aurora for years, they confusingly also allege that Aurora never had authority to collect payments on the loan because of an allegedly faulty securitization that apparently rendered the loan unsecured and delivered plaintiffs' a free property.  Plaintiffs' allegations are nonsensical and their complaint fails to state a valid claim for numerous reasons.

Plaintiffs cannot seek to unwind the sale because they failed to tender the amount due on the loan and the doctrine of laches prevents such recovery.  Plaintiffs' intentional misrepresentation claim fails because three of the six alleged representations are barred by the statute of limitations.  Further, all six of the alleged representations cannot form the basis for a valid claim because they are not false, and plaintiffs fail to plead justifiable reliance or damages.  Plaintiffs' negligent misrepresentation claim is entirely barred by the statute of limitations and otherwise fails for the same reasons their intentional misrepresentation claim fails.

Plaintiffs' wrongful foreclosure claim based on the securitization and assignment of the loan fails because plaintiffs lack standing and cannot demonstrate legally cognizable prejudice.  Because plaintiffs are precluded from challenging the securitization or assignment of the loan, they cannot plead valid causes of action for conversion or unjust enrichment.  Plaintiffs' Section 17200 claim fails because there are no substantive bases for liability and they lack standing.  Finally, plaintiffs are simply not entitled to an equitable accounting because none of the defendants owe plaintiffs a fiduciary duty.

For these reasons, as more thoroughly explained below, plaintiffs' complaint should be dismissed without leave to amend.

//

//

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FILED BY DEFENDANTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## II.      STATEMENT OF RELEVANT FACTS

### 1.      Plaintiffs' Loan.

In September 2004, plaintiffs obtained a loan in the amount of $226,000.  (RJN, Ex. 1.)  The loan was secured by a deed of trust recorded against property located at 11529 Mother Lode Circle, Rancho Cordova, California 95670 (**the property**).  (*Id.*).  The deed of trust indicates the Lender was Vitek Real Estate Industries Group, Inc. d/b/a Vitek Mortgage Group (**Vitek**), the Trustee was Chicago Title Company (**CTC**) and MERS was the beneficiary as well as the nominee for the lender and its successors and assigns.  (*Id.*)

### 2.      Plaintiffs Default on the Loan and Seek a Loan Modification.

The allegations in the complaint demonstrate plaintiffs defaulted on the loan sometime in late 2009, were afforded numerous opportunities to apply for a loan modification, but were unable to qualify.  Plaintiffs allege that in December 2009 they applied for a loan modification through the Neighborhood Assistance Corporation of America (**NACA**).  (Compl. ¶ 19.)  Plaintiffs allege they sent in all the required documents, and by April 2010, they were approximately two months behind. (*Id.* ¶20-21.)  In April 2010, plaintiffs, through an individual named Lou Dedier, again applied for loan modification.  (*Id.*, ¶ 22.)  Aurora allegedly requested additional documents, but plaintiffs received a letter informing them their modification was denied five days later.  (*Id.*, ¶23.)

Plaintiffs allege in June 2010 Aurora verbally agreed to extend plaintiffs a trial payment plan thereby reducing their payments to $912.00.  (*Id.*, ¶ 24.)  No further details regarding the terms of the alleged temporary payment plan are provided in the complaint.  (*See generally Compl.*).  Plaintiffs allege they attempted to obtain a loan modification for several months, but were repeatedly denied for failure to provide documents, despite the fact they provided documents to Aurora.  (*Id.*, ¶ 25.)  More specifically, plaintiffs allege they made a total of eleven loan payments totaling $10,600.  (*Id.*, ¶ 27.)  However, plaintiffs' original loan payment was $1,130, therefore, the amount ordinarily due for eleven payments would have been $12,430.  (*Accord id.* ¶ 27.)

Plaintiffs complaint alleges that in February 2011 plaintiffs' loan modification application was denied based on negative net present value calculations.  (*Id.*, ¶ 29.)  Plaintiffs submitted additional information and were re-reviewed, but the loan modification denial based on the negative present

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    value calculation was upheld in March 2011.  (*Id.*).  Plaintiffs allege they again applied for a

2    modification in April 2011 and were actively seeking a modification through June 2011.  (*Id.* ¶¶ 30-

3    34.)

4              3.      **The Initiation of Foreclosure, Continued Loss Mitigation Discussion and**

5                  **The Eventual Trustee's Sale of The Property in 2011.**

6       Meanwhile, foreclosure had begun.  By assignment recorded in June 2011, MERS assigned its

7    beneficial interest in the deed of trust to Aurora.  (RJN, Ex. 2.)  Later that month Aurora substituted

8    Cal-Western Reconveyance Corporation (**Cal-Western**) as trustee under the deed of trust.  (RJN, Ex.

9    3.)  Cal-Western then caused a notice of default to be recorded on June 29, 2011.  (RJN, Ex. 4.)

10      Plaintiffs allege they received the notice in July, 2011.  They further allege "[h]ad [Aurora]

11    told Plaintiffs that they could never qualify for a loan modification, Plaintiff had alternative means to

12    pay back their arrears and keep the loan current, including borrowing money from a family friend."

13    (Compl. ¶ 35.)  Strangely, plaintiffs *do not* allege they attempted to reinstate the loan at this time with

14    the money they could allegedly borrow.  (*See id.*)

15      Instead, plaintiffs allege in August 2011 they were working on a potential short sale of the

16    property that eventually fell through because of buyer dissatisfaction with the condition of the

17    property.  (*Id.* ¶¶37, 40.)  Cal-Western caused a notice of trustee's sale to be recorded in September

18    2011 during which time plaintiffs were still being afforded additional opportunities to be reviewed for

19    a loan modification.  (RJN, Ex. 5.)

20      After plaintiffs were reviewed and denied a loan modification numerous times, and their

21    attempt to short sell the property fell through, the property was sold to Aurora at a trustee's sale on

22    December 21, 2011, for $247,834.86.  (RJN, Ex. 6.)

23             4.      **Aurora Sells the Property in 2012.**

24      Aurora subsequently conveyed the property to Tag Equities LLC by grant deed recorded May

25    3, 2012.  (RJN, Ex. 7.)  Tag Equities LLC subsequently conveyed the property to Irene Mamuyac by

26    grant deed recorded August 7, 2012.  (RJN, Ex. 8.)  Publicly recorded documents indicate Ms.

27    Mamuyac has since obtained a loan from Guild Mortgage Company secured by a deed of trust

28    recorded against the property on August 7, 2012.  (RJN, Ex. 9.)

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Over two years after the property was sold at trustee's sale, and more than two years after

2   Aurora sold the property to a third party purchaser, plaintiffs filed the instant complaint.

3                    III.    **LEGAL STANDARD**

4    "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

5   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

6   *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must

7   be enough to raise a right to relief above the speculative level."  *Id.* at 1965.  In considering a Rule 12

8   (b)(6) motion, a court need not accept as true unreasonable inferences or conclusory legal allegations

9   cast in the form of factual allegations.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.

10   2001); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

11    The Supreme Court reviewed the standard for a pre-answer motion to dismiss in *Ashcroft v.

12   Iqbal*, 129 S.Ct. 1937 (2009).  It explained that a complaint must offer more than an "unadorned, the-

13   defendant-unlawfully-harmed-me accusation."  *Id.* at 1949.  This means that "naked assertions devoid

14   of further factual enhancement" no longer suffice to state a claim.  *Id.* (internal quotation omitted).

15   What is more, the facts actually pled must give rise to a plausible claim for relief.  *Id.*  A formulaic

16   recitation of the elements, because of its conclusory nature, is disentitled to a presumption of truth.

17   *Id.* at 1951.

18    In general, the court may not consider material other than the facts alleged in the complaint

19   when deciding a motion to dismiss.  *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996) ("A

20   motion to dismiss ... must be treated as a motion for summary judgment ... if either party ... submits

21   materials outside the pleadings in support or opposition to the motion, and if the district court relies

22   on those materials.").  However, the court may consider extrinsic documents when "the plaintiff's

23   claim depends on the contents of a document, the defendant attaches the document to its motion to

24   dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does

25   not explicitly allege the contents of that document in the complaint."  *Knievel v. ESPN*, 393 F.3d

26   1068, 1076 (9th Cir. 2005); *see also Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1264

27   (11th Cir. 2006) ("This court recognizes an exception, however, in cases in which a plaintiff refers to

28   a document in its complaint, the document is central to its claim, its contents are not in dispute, and

the defendant attaches the document to its motion to dismiss.").   This exception is designed to "[p]revent [ ] plaintiffs from surviving a Rule 12 (b)(6) motion by deliberately omitting references to documents upon which their claims are based."   *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

Dismissal with prejudice is proper if "it is clear that the complaint could not be saved by any amendment."   *Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

## IV.   ARGUMENT

### A.   Plaintiffs' Complaint Should be Dismissed as to ACC and CitiBank.

Plaintiffs direct no allegations toward ACC or CitiBank.  (*See generally*, Compl.)  Instead, plaintiffs attempt to plead some sort of agency relationship such that the alleged activity of Aurora would be imputed to ACC and CitiBank.  Their strained attempt fails.

As it pertains to alleged agency between ACC and Aurora, plaintiffs allege the naked legal conclusion "Aurora Bank FSB was and is the principal of Defendant Servicer." (Compl. ¶ 4.) There are no facts alleged in the complaint to support this (incorrect) conclusion.  (*See generally* Compl.) As a mere unsupported legal conclusion, it is insufficient to establish the alleged agency relationship. *Ashcroft*, 129 at 1949.

As it pertains to alleged agency between CitiBank and  Aurora, plaintiffs allege agency exists because of an agreement between CitiBank as the trustee, and Aurora as the Master Servicer for the trust.  (Compl. ¶ 55.)  Presumably, plaintiffs are referring to the Pooling and Services Agreement. Crucially, plaintiffs do not (and cannot) allege CitiBank contractually agreed to be liable for Aurora's alleged wrongs.  There is simply no contractual basis to impute Aurora's alleged actions to CitiBank.

Because there is no contractual basis for CitiBank to be liable for the alleged wrongs of Aurora, plaintiffs are required to demonstrate common law agency.  However, their pleading is woefully inadequate.  Plaintiffs allege CitiBank and Aurora engaged in business together, and that Aurora was authorized to review loan modifications as servicer for the trust.  (Compl. ¶¶ 50-54.)  A mere business relationship and delegation of duties is not sufficient to demonstrate an agency relationship such that the alleged principal can be liable for the wrongdoing of the alleged agent.

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FILED BY DEFENDANTS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   California courts often look to the Restatement (Third) of Agency (the **Restatement**) in

2   deciding issues relating to agency liability.  *See e.g., Rental Housing Owners Assn. of Southern*

3   *Alameda County, Inc. v. City of Hayward*, 200 Cal.App.4th 81 (Cal.App. 1 Dist., 2011) (citing to

4   Restatement (Third) of Agency § 1.01 for the requirement of mutual agreement and assent in the

5   creation of an agency relationship); *Bonfigli v. Strachan*, 192 Cal.App.4th 1302 (Cal.App. 1 Dist.,

6   2011) (citing to Restatement (Third) of Agency § 3.13, for instruction as to the circumstances under

7   which a power given as security will terminate); *Tverberg v. Fillner Const., Inc.*, 49 Cal.4th 518

8   (2010) (citing to Restatement (Third) of Agency § 7.5 in determining that an independent contractor,

9   when hired to perform inherently dangerous construction work, receives authority to determine how

10  the work is to be performed and assumes a corresponding responsibility to see that the work is

11  performed safely.)  The Restatement narrowly defines how a principal can be found liable for the

12  intentional tort of its agent.  An agent has only as much authority as is granted to him by his principal,

13  and a principal is liable for an intentional tort of its agent **only** if it authorizes or ratifies the tort.  *See*

14  Restatement (3d) of Agency §§ 2.02 (Scope of Actual Authority); 7.03 (Principal's Liability-In

15  General); 7.04 (Agent Acts with Actual Authority).

16  Here, even assuming Aurora was ACC or CitiBank's agent, which it was not, plaintiffs can

17  come forward with no evidence that either entity authorized Aurora to engage in the alleged wrongful

18  conduct, or that it ratified that conduct.  ACC and CitiBank should be dismissed because plaintiffs'

19  allegations relate only to the alleged activities of Aurora.

20  **B.   Plaintiffs Cannot Seek Return of the Property Because they Failed to Tender the**

21  **Amount Due on the Loan (Entire Complaint).**

22  The law clearly requires an unambiguous tender of the amount due on the loan to set aside a

23  completed trustee's sale.  *See Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578-79 (1984);

24  *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 290-91 (1911); *Williams v. Koenig*, 219 Cal. 656,

25  660 (1934); *see also*; 4 *Miller & Starr, Cal. Real Estate*, 507-08 § 9:154 (2d ed. 1989).  "Without an

26  allegation of such tender in the complaint that attacks the validity of the sale, the complaint does not

27  state a cause of action."  *Miller & Starr, Cal. Real Estate*, 653-54 § 10:212 (3d ed. 2000).

28

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Faced with the wealth of case law precluding their claims, plaintiffs confusing argue they need not tender because of defendants' unclean hands and because the property has not yet been sold. Plaintiffs have set forth no basis for their naked allegation defendants have unclean hands.  (*See generally,* Compl.)  Further, the property was sold years ago at trustee's sale.  (RJN, Ex. 6.)  These slim allegations in no way save plaintiffs from the tender requirement.

Plaintiffs also allege "Plaintiffs unconditionally offer to tender to the extent required by law any amount due and owing after offset for damages for Defendants' bad acts, to the true beneficiary under the deed of trust or holder of the note in due course, and without waiver of Plaintiffs' rights." (Compl., ¶ 57.)  Not only is this allegation nonsensical, it is not credible in light of plaintiffs' admitted default on the loan.  It is a long-established rule of California law that an offer to tender is of no effect if the offeror cannot make it good.  *Civil Code* § 1495; *see Karlsen*, 15 Cal.App.3d at 118..

Plaintiffs' claims should be dismissed on this basis alone.

**C.**     **Plaintiffs Cannot Seek Return of the Property Because Such Relief is Barred by the Doctrine of Laches (Entire Complaint).**

Because plaintiffs waited **nearly three years** after the trustee's sale to bring their claims, any claim to set aside the sale is also barred by the doctrine of laches.  The elements of laches are:  (**1**) an omission to assert a right; (**2**) a delay in the assertion of the right for some appreciable period; and (**3**) circumstances which would cause prejudice to an adverse party if assertion of the right is permitted.  *Stafford v. Ballinger*, 199 Cal.App.2d 289, 296 (1962).  California courts have held delays ranging from five months to two years have resulted in a waiver of the right to set aside a transaction.  *See, e.g.*, *Saret-Cook v. Gilbert, Kelly, Crowley & Jennett*, 74 Cal.App.4th 1211, 1227 (1999) (five-month delay in giving notice of rescission barred claim); *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1103 (9th Cir. 1998) (two-year delay in seeking rescission waived the mortgagor's right to rescind).

Plaintiffs alleges they were injured when the allegedly wrongful foreclosure resulted in a trustee's sale of the property in December 2011.   (*See generally* Compl.)  However, they failed to bring this action until after the property was sold to two separate bona fide third party purchasers, and the most recent purchaser took out a loan secured by the property.  Plaintiffs' inexplicable delay in

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

enforcing their rights should not be rewarded at defendants' expense.  Any claim to set aside the sale or cancel the deeds must therefore fail.

      **D.**     **Plaintiffs Fail to Plead a Valid Cause of Action for Intentional or Negligent Misrepresentation (First and Second Causes of Action).**

Plaintiffs' intentional and negligent misrepresentation claims are based on the following six statements/events:

1. On or about May 25, 2010, SERVICER based a denial of a modification on the false grounds that it did not receive all documents requested.

2. On or about February 14, 2011, SERVICER denied a loan modification on the grounds that Plaintiffs' NPV did not justify a loan modification.

3. On or about July 1, 2011, SERVICER again denied Plaintiffs a permanent loan modification on the false grounds that it did not receive documents.

4. In or about October 2011, SERVICER denied Plaintiffs a loan modification on the grounds that Plaintiffs' debt to income ratio was too high.

5. On or about December 20, 2011, SERVICER again denied Plaintiffs a loan modification on the false grounds that Plaintiffs had failed to send in all documents.

6. In or about early June 2010, SERVICER verbally agreed to extend to Plaintiffs a TPP. SERVICER, on or about October 19, 2010 increased Plaintiffs' payments but continued to accept Plaintiffs modification payments of $912.00.  Plaintiffs are informed and believe and thereon allege that the statement that Plaintiffs were in a TPP was false and misleading as SERVICER had no intention of ever granting Plaintiffs a permanent modification.

(Compl., ¶¶ 63, 69.)  For convenience, defendants will refer to each of these alleged misrepresentations by their numerical designation.

           **1.**     **Plaintiffs' are Time Barred from Bringing Their Intentional Misrepresentation Claim for First, Second and Sixth Alleged Misrepresentations.**

The statute of limitations for an intentional misrepresentation claim is three years.  Cal. *Civ. Code* § 338(d).  The first, second, and sixth alleged misrepresentations allegedly occurred on

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

February 14, 2011 at the latest.  Therefore, claims predicated on these alleged misrepresentations needed to be brought not later than February 14, 2014.  However, plaintiffs complaint was not filed until May 13, 2014.  Plaintiffs' intentional misrepresentation claim cannot proceed based on the first, second, or sixth alleged misrepresentation.

> 2. **Plaintiffs' Intentional Misrepresentation Claim Fails on the Merits.**

The alleged representations cannot form the basis of a valid fraud claim.  To properly plead an intentional misrepresentation claim plaintiffs must allege: (1) a material representation or deceit that is false; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages.  *Stansfield v. Starkey* (1990) 220 Cal. App. 3d 59, 73.  Against a corporate defendant, plaintiffs must plead the names of the persons who made the representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.  *Perlas v. GMAC Mortg., LLC* (2010) 187 Cal.App.4th 429, 434.  Although plaintiffs dedicate numerous paragraphs of their complaint to trying to plead this claim, they fail.

At the outset, plaintiffs fail to articulate how the six alleged representations are false.  They allege no facts to demonstrate their loan modifications were denied for any reason other than the stated reason—either the plaintiffs failed to return the documents needed, or their loan failed to qualify based on the net present value calculation, or plaintiffs' debt to income ratio was too high.  Plaintiffs set forth no basis to aver the denials were not because of the reasons stated.  There is simply nothing false about the basis for the denials.  Plaintiffs may be claiming that the basis of the denial was in error, but that doesn't make the denial false.  And it certainly does not allege a fraud claim.  Because they cannot demonstrate falsity, they likewise cannot demonstrate knowledge of the falsity or an intent to defraud.

Further, although plaintiffs' claim to have "justifiably relied" on these alleged representations, they fail to allege how their position changed based on those alleged representations.  In other words, what did plaintiffs do, that they otherwise would not have done when they learned their modification was denied for unfavorable net present value calculation?  What did they do differently when they learned their modification was denied for failure to return documents?  The answer is nothing.  They simply applied again as they had done for years.  Plaintiffs' complaint demonstrates they were

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

continuously reviewed for loss mitigation options over the course of years, and cannot demonstrate any justifiable reliance based on the alleged representations.  Plaintiffs allege they had the ability to cure the arrearage with funds from a friend, but chose to pursue a modification despite the fact they were continuously denied a modification for years.  Their own allegations demonstrate any alleged reliance is not justifiable.

Finally, plaintiffs fail to allege resulting damages caused by the alleged representations.  Plaintiffs' allege they lost the property.  However, this is not because they were "falsely" denied a loan modification.  Plaintiffs lost the property because they were unable to afford their payments, and were thereafter unable to obtain a loan modification despite many attempts to qualify.  Further, plaintiffs allege they were trying to short sell the property so were willing to lose the property regardless.  (Compl. ¶ 37.)

It would appear, plaintiffs claim they could have reinstated the loan with funds from a friend, but thereafter would not have been able to continue to afford the mortgage without a modification.  So, they chose to continue to try to obtain a modification.  Plaintiffs do not and cannot allege they should have qualified for the modification based on their financials.

For any and all of these reasons plaintiffs' intentional misrepresentation claim fails.

> 3.  **Plaintiffs Negligent Misrepresentation Claim is Barred by the Statute of Limitations.**

The statute of limitations for a negligent misrepresentation claim is two years.  *See, e.g.*, *Ventura County Nat. Bank v. Macker*, 49 Cal.App.4th 1528, 1529 (1996).  The latest of the six alleged misrepresentations occurred on December 20, 2011.  Plaintiffs' were required to file their complaint no later than December 20, 2013 to avoid the statute of limitations bar.  *Id.*.  However, plaintiffs filed on May 13, 2014.  Their claim for negligent misrepresentation is therefore time barred.

Moreover, these claims fail for the same substantive reasons plaintiffs' intentional misrepresentation claims fail.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FILED BY DEFENDANTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

E.    **Plaintiff's Fail to Plead a Valid Cause of Action for "Wrongful Foreclosure" (Third Cause of Action).**

Plaintiffs' wrongful foreclosure claim alleges generally the trustee's sale was improperly conducted because plaintiffs' loan was improperly securitized.  (Compl. ¶¶ 76-87.)  Plaintiffs strain to allege the assignment of the beneficial interest in the deed of trust in 2009 means the loan not endorsed to the trust in 2004.  Plaintiffs also allege without any factual support the signer of the assignment lacked authority.  None of these allegations are relevant or have merit.

1.    **Plaintiffs Lack Standing to Challenge The Securitization of Their Loan.**

It is well-settled that borrowers, who are neither parties to or beneficiaries of the assignment of a deed of trust or the pooling and servicing agreement (**PSA**), cannot challenge the assignment or securitization of their loan.  This long-standing principal was re-affirmed by the Court of Appeal in *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497 (2013).  "As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [a borrower] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions" (emphasis added).  *Id.* at p. 515.  The appellate court reasoned that "[b]ecause a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor.  As to [a borrower], an assignment merely substituted one creditor for another, without changing her obligations under the note."  *Ibid.*  Moreover, "even if any subsequent transfers of the promissory note were invalid, [the borrower] is not the victim of such invalid transfers because her obligations under the note remained unchanged" (emphasis added).  *Ibid.*

To support their claims, plaintiffs will undoubtedly rely on *Glaski v. Bank of America, N.A.*, 218 Cal.App.4th 1079 (2013).  *Glaski* is the only appellate decision upholding a borrowers standing to bring claims predicated on an allegedly faulty securitization.  *Glaski* has, however, been universally rejected in subsequent appellate court decisions.  In *Yvanova v. New Century Mortgage Corporation*, 2014 WL 2149797 (2014), which was decided earlier this year on April 25, 2014, the Court of Appeal observed that "no California court has followed *Glaski*…and many have pointedly rejected it."  *Id.* at p. *5.  Accordingly, the appellate court expressly held that it "agree[s] with the reasoning in *Jenkins*,

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FILED BY DEFENDANTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

and decline[s] to follow *Glaski*." *Ibid.*

Similarly in *Keshtgar v. U.S. Bank, N.A.*, 2014 WL 2567927 (2014), which was decided recently on June 9, 2014, the Court of Appeal noted that:  "For some hopefuls, *Glaski v. Bank of America, N.A.* [Citation], holds out the tantalizing prospect of a preemptive action to challenge a foreclosure. **It does not**. The yearning for a holding does not create one" (emphasis added).  *Id.* at p. *1.  The appellate court reasoned that "*Glaski* reads [*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149] too narrowly.  *Gomes* holds that there is no judicial action to challenge the authority of the person initiating the foreclosure process.  [Citation.]  As *Jenkins* shows, that applies whether the challenge is to the lender's nominee, or…a transferee."  *Keshtgar*, 2014 WL 2567927 at p. *3.  The appellate court further found that "[it] also disagree[s] with *Glaski's* determination that a borrower has standing to challenge an assignment…California cases hold…that even in post-foreclosure actions a borrower lacks standing to challenge an assignment absent a showing of prejudice. *Id.* at p. *3 *citing Siliga v. Mortgage Electronic Registration Systems, Inc.*, (2013) 219 Cal.App.4th 75, 86 (2013); *Herrera v. Federal National Mortgage Assn.*, 205 Cal.App.4th 1495, 1507 (2012); *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 271 (2011).  "Whether the transfer is alleged to be void or never made, there is no preforeclosure cause of action to challenge the authority of the person initiating foreclosure."  Id. at p. *4.

Plaintiffs cannot challenge any alleged transfers of their loan.  It is indisputable and incontrovertible that plaintiffs are not parties to any alleged securitization contract or any alleged assignment of their deed of trust.  Plaintiffs, therefore, lack standing to state any claim or cause of action arising from or relating to any securitization or assignment of their loan regardless of their (erroneous) allegations.

### 2.     Plaintiffs Were Not Prejudiced

Neither any alleged assignment nor alleged securitization of their loan caused any prejudice to plaintiffs.  "Even assuming plaintiffs can allege specific facts showing that [the] assignment of the DOT…[was] void, under *Fontenot*, plaintiffs must also show plaintiffs were **prejudiced**" (emphasis added).  *Herrera*, 205 Cal.App.4th at p. 1507.  In *Herrera*, the Court of Appeal found that "there is no showing of prejudice, even assuming there were procedural defects in the assignment of the DOT"

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FILED BY DEFENDANTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

because the "[borrowers] defaulted on their loan, owed…on their mortgage [and the borrowers] did not tender payment and cure their default." *Id*. at p. 1508.  The Court of Appeal in *Siliga* similarly held that "[a]bsent any **prejudice**, the [borrowers] have no standing to complain about any lack of authority or defective assignment" (emphasis added).  *Siliga*, 219 Cal.App.4th at p. 85.  In dismissing the borrowers' assignment claims, the appellate court in *Siliga* reasoned that "[t]he assignment of the deed of trust and the note did not change the [borrowers] obligation under the note." *Ibid*.

Plaintiffs were not prejudiced by any alleged assignment or securitization of their loan.  Neither any assignment nor securitization caused plaintiffs to default on their loan obligations.  The alleged assignment and securitization also did not result in multiple creditors seeking payment on the same debt or multiple parties instituting multiple foreclosure proceedings.  As the Court of Appeal once observed, even if there were defects in the assignment of a loan, "the true victims were not [the borrowers] but the lender." *Herrera*, 205 Cal.App.4th at p. 1508 *citing Fontenot*, 198 Cal.App.4th at p. 272.  Consequently, plaintiffs' claims fail because the alleged assignment and securitization did not cause any prejudice as a matter of law.

F.     **Plaintiffs Fail to Plead a Valid Cause of Action for Conversion (Fourth Cause of Action).**

Plaintiffs' conversion claim cannot proceed on the facts alleged.  "Conversion is the *wrongful exercise* of dominion over the property of another." *Oakdale Village Group v. Fong*, 43 Cal.App.4th 539, 543 (1996) (emphasis added).  "The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages.  It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." *Id*. at 544.  Generally, conversion actions involve appropriation of a chattel rather than money; they cannot apply to real property. *See Salma v Capon*, 161 Cal.App.4th 1275, 1295 (2008); *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP,* 150 Cal.App.4th 384, 395 (2007).

Here, the conversion claim is essentially defendants' converted plaintiffs' loan payments by accepting the payments they made on the loan.  (Compl. ¶ 90.)  This is nonsensical.  Plaintiffs do not

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

dispute receiving the loan.  Nor do plaintiffs dispute they failed to repay the loan.  Finally, plaintiffs cannot dispute the property was foreclosed and purchased by the beneficiary.  The only apparent theory offered to support this claim is the securitization theory plaintiffs have no standing to raise. Simply stated, there was no "wrongful" taking of payment; plaintiffs were obligated to make payments under the loan agreement they signed.  Therefore, there can be no claim for conversion as there was nothing wrongful about the receipt or application of such payments.  *See CHoPP Computer Corp. v. U.S.*, 5 F.3d 1344, 1347 (9th Cir. 1993) ("In order to maintain an action for conversion, [plaintiff] must show that it had title to or a right to possess the funds in the [property]," citing *Moore v. Regents of University of California*, 51 Cal.3d 120, 155 (Cal. 1990)).

### G.    Plaintiffs Fail to Plead a Valid Cause of Action for Violation of Business and Professions Code § 17200.

The UCL makes actionable any "unlawful, unfair or fraudulent business practice."  In proscribing any "unlawful" business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that are actionable as unfair competition.  *Cel-Tech Comm. v. L.A. Cellular Tel. Co*., 20 Cal. 4th 163, 180 (1999).  A plaintiff must have suffered an injury-in-fact and lost money or property as a result of the act.  *Bus. & Prof. Code* § 17204; *Birdsong v. Apple, Inc*., 590 F. 3d 955, 959-960 (9th Cir. 2009).  Facts supporting a section 17200 claim must be pleaded with <u>reasonable particularity</u>.  *Khoury v. Maly's of Cal.,* 14 Cal. App. 4th 612, 619 (1993) (emphasis added).

**First**, plaintiffs' UCL claim fails because plaintiffs do not have standing to bring it.  To have standing to bring a UCL claim, plaintiffs must have suffered injury-in-fact and "lost money or property" as a result of a defendants' conduct.  *Bus. & Prof. Code* § 17204.  "[I]njury must be economic, at least in part, for a plaintiff to have standing under Business and Professions Code section 17204."  *Animal Legal Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 147 (2008). Plaintiffs merely allege "[a]s a result of Defendants' unlawful, unfair and fraudulent conduct, Plaintiffs has suffered and continue to suffer damages and injuries in an amount subject to proof at trial."  (Compl. ¶ 104.)  This conclusory allegation is not only insufficient, it is also disingenuous in that it fails to account for the undisputed fact that plaintiffs *received the benefits of their loan.*

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 ~ FAX: (213) 627-6342

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FILED BY DEFENDANTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**Second**, plaintiffs' entire claim is predicated on the other allegations in the complaint, and therefore fails for the reasons in this motion to dismiss. For example, the alleged unlawful action was the wrongful foreclosure. (Compl. ¶ 96.) However, their wrongful foreclosure claim fails. The alleged unfair activity is the lengthy loan modification during which plaintiffs were afforded numerous opportunities to apply for a loan modification and MERS' assignment of the deed of trust. Again, there is simply nothing unfair here. Plaintiffs defaulted and knowingly continued to apply for a modification despite the fact they were repeatedly denied. And MERS' assignment of the deed of trust was not only lawful, but of no consequence to plaintiffs. Finally, the alleged fraudulent conduct was simply not fraudulent. None of the alleged representations detailed in plaintiffs' complaint were false and plaintiffs fail to demonstrate justifiable reliance or damages.

Further, it bears noting that although plaintiffs nakedly allege Aurora continued the loan modification process to collect "unwarranted fees and penalties," this allegations has no basis. The deed of trust expressly provides for fees and penalties in the event of default. (RJN, Ex. 1.) Further, plaintiffs did not pay these fees or penalties. Rather, the loan remained in default, Aurora purchased the property, then sold it to a third party.

## H. Plaintiffs Fail to Plead a Valid Claim for Equitable Accounting.

"Ordinarily, a plaintiff must demonstrate a fiduciary relationship between herself and the defendant as well as refer to a sum owed to her by the defendant in order to successfully bring a claim in equity for an accounting." *See Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); *Kritzer*, 96 Cal. App. 2d at 6-7. Since the defendants do not owe a fiduciary duty to borrowers as a matter of law, *Marks v. Ocwen Loan Servicing*, No. C 07-02133 Sl., 2008 WL 344210, at *2 (N.D. Cal. Feb. 6, 2008) & *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991), plaintiff is not entitled to an accounting.

Further, the right to an accounting is not a cause of action, but a remedy. *See Batt v. City and County of San Francisco*, 155 Cal.App.4th 65, 82 (2007) ("[an accounting is] not an independent cause of action but merely a type of remedy") (internal quotations omitted); *Duggall v. G.E. Capital Comm. Servs., Inc.*, 81 Cal.App.4th 81, 95 (2000). Thus, "[a] right to an accounting is derivative; it must be based on other claims." *Janis v. Cal. State Lottery Com.*, 68 Cal.App.4th 824, 833-834

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 ~ FAX: (213) 627-6342

(1998); *see also St. James Church of Christ Holiness v. Super. Ct.*, 135 Cal.App.2d 352, 359 (1955) ("An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain.").  Because all of plaintiffs' substantive causes of action fail, so too does their request for an accounting.

**I.      Plaintiffs Fail to Plead a Valid Claim for Unjust Enrichment.**

Plaintiffs' quasi-contract claim fails because they have not established an underlying substantive basis for this claim to rest on.  An action for quasi-contract arises as a matter of equity and by operation of law.  *F.D.I.C. v. Dintino,* 167 Cal. App. 4th 333, 346 (2008).  It is an action synonymous with restitution.  *Supervalu, Inc. v. Wexford Underwriting Managers, Inc.*, 175 Cal. App. 4th 64, 78 (2009).  To be entitled to restitution under this theory, though, plaintiffs were required to allege facts indicating defendants received and unjustly retained a benefit at their expense.  *See, e.g.*, *Marilao v. McDonald's Corp.*, 632 F. Supp. 2d 1008, 1013 (S.D. Cal. 2009).  However, since plaintiffs have failed to adequately allege a cause of action against defendants, they have failed to allege an unjust benefit.  *See, e.g., id.* (holding the plaintiff's quasi-contract claim failed because his UCL claim failed).

Further, "as a matter of law, a quasi-contract action for unjust enrichment does not lie where [. . .] express binding agreements exist and define the parties' rights."  *Cal.Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal.*, 94 Cal. App. 4th 151, 172 (2001).  The deed of trust is an express binding agreement that defines the parties' rights.  (RJN, Ex. 1.)

**V.   CONCLUSION**

For the foregoing reasons, defendants respectfully request the Court dismiss plaintiffs' complaint in its entirety, with prejudice.

Dated: August 1, 2014                                    Respectfully submitted,

                                                        **AKERMAN LLP**

                                                        By: _____
                                                                 Justin D. Balser
                                                                 Dennis N. Lueck, Jr.
                                                        Attorneys for Defendants
                                                        AURORA LOAN SERVICES LLC,
                                                        AURORA COMMERCIAL CORP., successor
                                                        entity to AURORA BANK FSB, CITIBANK,

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

N.A., AS TRUSTEE IN TRUST FOR THE BENEFIT OF THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-23XS, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## PROOF OF SERVICE

I am employed in the City and County of Denver, State of Colorado.  I am over the age of 18 and not a party to the within action.  My business address is 1400 Wewatta Street, Suite 500, Denver, Colorado 80202.

On **August 1, 2014**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FILED BY DEFENDANTS AURORA LOAN SERVICES LLC, AURORA COMMERCIAL CORP. CITIBANK, N.A. AS TRUSTEE, AND MERS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Stephen J. Foondos, Esq.
Danny A. Barak, Esq.
UNITED LAW CENTER
3013 Douglas Blvd., Suite 200
Roseville, CA  95661
Telephone:  (916) 367-0630
Facsimile:  (916) 265-9000
*Counsel for Plaintiffs*

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Denver, Colorado.

☒ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐    (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐    (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

     I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐    (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

     Executed on **August 1, 2014**, at Denver, Colorado.

     Tamara Landgren
     (Type or print name)          (Signature)

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342